UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **ELADIO BOUZA**, Defendant | CASE NO.: 90CR0856-JAH-12 **JUDGMENT AND ORDER GRANTING JOINT MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT OF 2018 [DOC. NO. 582]** |

Pursuant to Section 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, Federal Defenders, under authority of General Order 692 (S.D. Cal. 2019), joined by the United States, move this Court for a reduction in sentence from life to 125 months. *Doc. No.* 582. The First Step Act of 2018 was enacted into law on December 21, 2018. Section 404 of the First Step Act of 2018 made the Fair Sentencing Act of 2010 ("2010 FSA") retroactive for defendants who were convicted of violating a statute modified by the 2010 Act.

Defendant was convicted in 1991 of three counts: Count 1 for "conspiracy to possess a controlled substance with intent to distribute" under 21 U.S.C. §§ 841(a) and 846; Counts 11 and 13 for "possession of a controlled substance with intent to distribute" under 21 U.S.C. § 841(a). Count 1 carried a minimum sentence of 10 years, however the enhancement for having two prior felony drug offenses exposed Defendant to a *mandatory* life term without the possibility of release. See

1

§ 841(b)(1)(A) (1990). Defendant received a sentence of life for Count 1 and concurrent terms of 235 and 240 months respectively on Counts 11 and 13. Defendant has served over 336 months in custody.

Under the current law, Defendant's two prior "felony drug offences" do not qualify as "serious drug felonies[1]" as defined under 21 U.S.C. § 802(57). He is therefore no longer subject to a mandatory life sentence under the prior law nor a 25-year minimum mandatory under the current law. If sentenced today, Defendant would face a sentencing range of 60 to 480 months on Count 1 with a minimum eight-year term of supervised release, and 120 to 125 months under the sentencing guidelines based on the total amount of drugs involved in all three Counts. § 841(b)(1)(B)(iii); § 5G1.1(c)(2).

Accordingly, and pursuant to section 404(b) of the First Step Act of 2018, and 18 U.S.C. § 3584 **IT IS HEREBY ORDERED:**

The sentence imposed on November 13, 1991, in this case is hereby **VACATED**. The Defendant is resentenced as follows:

1. 125 months' imprisonment on Counts 1, 11, and 13, concurrent, with credit for time served;
2. 8 years' supervised release on Count 1, and 6 years' supervised release on Counts 11 and 13, all concurrent, under the same conditions originally imposed;
3. This sentence to run concurrent with the sentence in San Diego Superior Court No. CR106767, with credit for time served in federal custody from the date of imposition of the state sentence on December 17, 1991, pursuant to *Setser v. United States*, 566 U.S. 231 (2012).

---

[1] Section 841(b) now states that if any person commits a violation of this subparagraph … after 2 or more prior convictions for a "serious drug felony" or serious violent felony have become final, such person shall be sentenced to a term of imprisonment of not less than 25 years and fined in accordance with the preceding sentence.

**IT IS FURTHER ORDERED** that a STATUS conference regarding Defendant's term of supervised release is SET for **September 20, 2019 at 11:00 a.m.** in Courtroom 13B, before this Court.

**IT IS SO ORDERED**.

DATED: September 4, 2019

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT COURT